In the Matter of the Claim of LAWRENCE HARR, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board, fixing the weekly benefit rate to which claimant, an unemployed musician, was entitled. Claimant, a resident of New York, had entered into a written contract with a traveling opera company to perform services as a musician for a period of twenty-one weeks commencing October 16, 1950. The owner of the opera company resided in England and maintained direction and control through a manager who travelled with the company. The rehearsals were held in Connecticut and no performances were given in New York State until January 29, 1951. After about a month of performances in this State, commencing on that date, the tour terminated and claimant's employment ceased. The Industrial Commissioner contends that the appeal board erred in taking into account the claimant's earnings with the opera company during the last quarter of 1950 in determining his weekly benefit rate. Under the law as it existed at the time claimant applied for benefits in 1951, the "base year" was defined as the calendar year immediately preceding the beginning of a benefit year. The commissioner takes the position that claimant must have performed some service for the opera company in the State of New York during the calendar year 1950, in order to be entitled to have his earnings in the employ of the opera company taken into account in computing his weekly benefit rate. Section 511 of the Labor Law does not support this view. Under subdivision 3 of that section, the "entire service performed both within and without this state" is to be taken into account, if (1) part of it is performed in this State [and the service is not localized in any State], and (2) the employee is a resident of this State [and there is no base of operations or place from which the service is controlled or directed in any State in which some part of the service is performed]. The claimant's service with the opera company comes within this statutory provision. Therefore his "entire service" with that company was covered by the New York statute. There is no basis in the statute for the commissioner's view that we must look only to the portion of the services performed during the calendar year, in determining whether the employment is covered by the New York statute, where the services were rendered under a single contract of employment and the employment extended beyond the end of the calendar year. The commissioner argues that the board's ruling will result in administrative difficulties, in determining the liability of employers for unemployment insurance contributions. If difficulties arise, recourse will have to be had to the Legislature to overcome them; they may not properly be remedied by a strained construction of the benefit provisions of the statute. Decision of the Unemployment Insurance Appeal Board unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.